### Charles K. Bingham *vs.* Ira Yeomans.

The complainant in a bill in equity may waive an answer upon oath; but he must do it in his bill before answer, and cannot do it afterwards.

In this case, which was a bill in equity for the redemption of a mortgage, the point is sufficiently stated in the opinion.

This case was argued and decided as of the September term, 1851.

*R. A. Chapman*, for the complainant.

*W. G. Bates*, for the respondent.

Shaw, C. J.   This is a bill in equity against a mortgagee, to redeem a mortgage, and praying for an account.   The bill is in the usual form, not waiving the respondent's oath ; to which a sworn answer was duly made.   When the case came before the judge at *nisi prius*, the complainant moved to waive the requirement of a sworn answer, and that the respondent's oath might be stricken out.   The motion was overruled, and the question reserved for the whole court.

If the complainant in equity would waive an answer on oath, as he may do, by the fifth rule of Chancery Practice, 24 Pick. 411, he must do it by his bill and before answer.   In that case, the respondent may make his answer with reference solely to his own grounds of defence, and without regard to the interrogating part of the bill, and to such answer, there can be no exception taken.   Or, the complainant might require an answer on oath, as he does if not waived, and compel a full discovery under a severe penalty ; but having done so, the respondent is by law entitled to the benefit of his answer as evidence, so far as responsive.   If it were otherwise, the effect would be, that after a sworn answer filed, the complainant might speculate on the relative advantage or disadvantage, on the one hand, of benefit to himself of the discoveries, and on the other of benefit to the defendant of his answer, as evidence, and admit or reject it accordingly, at his own election.   This would be an unfair advantage, and inequitable ; and the court are of opinion that the motion of the complainant to strike out the oath from the respondent's answer was rightly overruled.